IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-144-D

| | | |
|---|---|---|
| ISAIAH GREEN, JR., <br> EQUAL TREATMENT NOW INC./ <br> PRES., <br><br> Plaintiff, <br><br> v. <br><br> B. COLON WILLOUGHBY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **ORDER** |

On February 27, 2013, Isaiah Green, Jr. ("plaintiff" or "Green"), proceeding pro se, filed a complaint asserting "Intentional United States Constitutional Civil Rights Violations." Compl. [D.E. 1] 2. On March 13, 2013, Green filed returns of service as to both defendants [D.E. 5–6]. On April 1, 2013, defendants sought an extension of time to answer or otherwise respond to the complaint [D.E. 9], which the clerk granted on April 2, 2013 [D.E. 10].[1] On May 1, 2013, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 8 and 12(b)(1)–(2) and (5)–(6) [D.E. 11]. Although counsel for defendants attempted to serve Green with a copy of the motion [D.E. 14], Green refused the mailing [D.E. 13]. Green rejected a second mailing from counsel for defendants [D.E. 15]. Thus, on June 19, 2013, the court mailed a copy of the motion to dismiss to Green along with a notification about the motion to dismiss, the consequences of failing to respond, and the response deadline pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) [D.E. 16]. On July 12, 2013, Green responded in opposition [D.E. 17]. As explained below, the

---

[1] Thus, to the extent Green seeks entry of default, see [D.E. 13] 1, [D.E. 17] 4, the court denies the request.

court grants defendants' motion to dismiss.

I.

Green's complaint is short on details. In fact, he fails to connect either defendant to any of the acts of which he complains. Thus, the court takes the factual allegations from Green's response to defendants' motion to dismiss. Green is a "former state law enforcement supervisor" who,

> along with other African Americans had protested at the North Carolina Attorney Generals' office for matters of federal law being circumvented by his office attorneys when states cases were tried in the federal courts in employment discrimination matters, and African Americans never prevailed in these cases that I observed, when these state employees brought charges against their employers for employment discrimination.

Pl.'s Resp. Opp'n Mot. Dismiss [D.E. 17] 2. This protest occurred on May 23, 2012. Id. at 5. On June 15, 2012, Green was driving towards his home when a law enforcement officer pulled him over and cited him for failure to wear a seatbelt. Id. at 2. Green notes that "[t]he United States Congress does not mandate seatbelt usage anywhere in the COUNTRY" and therefore contends "the seatbelt law is unconstitutional." Id.

Green asserts that when he went to court for trial, defendant Eagles called his case last, so that "everyone else who would have perhaps talk about the case openly as public citizens had left the courtroom" and a news reporter who was supposed to interview Green and cover the trial had to leave because of the late hour. Id. at 2–3. Green finds it suspicious that the court called his case last, because it was out of alphabetical order. Id. at 3. Green asserts that he had issued a subpoena for North Carolina Attorney General Cooper to attend, but defendant Eagles, a Wake County district court judge, quashed the subpoena for improper service. Id. Green notes that Eagles "at a period of time in history was an employee as an assistant attorney general working under the umbrella of . . . Cooper." Id. at 2. Eagles found Green guilty of the seatbelt violation, and Green asserts

2

generally that Eagles "impose[d] her will intentionally to inflict injury in a reckless and disregard to governing laws of the land in fairness in the court proceedings," apparently based on Green's race. Id. at 2–3.

Defendant Willoughby is the Wake County District Attorney. Green asserts that Willoughby and Eagles violated his federal constitutional rights under 42 U.S.C. § 1983, and seeks $3 million in damages. Id. at 3; Compl. [D.E. 1] 2, 4.

Initially, the court addresses defendants' argument that Green failed to effect proper service of the complaint and summons upon them. Federal Rule of Civil Procedure 4 details the means of properly effecting service of a summons and complaint. If service is not perfected within 120 days of filing the complaint, the court must dismiss the action without prejudice unless plaintiff shows good cause for the failure to properly serve. Fed. R. Civ. P. 4(m). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). Once service has been contested, plaintiffs must establish the validity of service pursuant to Rule 4. See Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 773 (E.D.N.C. 2011); O'Meara v. Waters, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Because defendants did not waive or consent to service, Green must prove that he validly served defendants.

On March 13, 2013, Green filed returns of service, indicating that he personally served each defendant at the Wake County Courthouse through an assistant district attorney who signed each proof of service [D.E. 5–6]. However, only a "person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added); see also N.C. Gen. Stat. § 1A-1, Rule 4(a) ("The complaint and summons shall be delivered to some proper person for service.") (emphasis added)). Thus, Green may not personally attempt to serve defendants. See,

3

e.g., Constien v. United States, 628 F.3d 1207, 1213–14 (10th Cir. 2010); Dougherty v. Snyder, No. 1:CV-10-1071, 2010 WL 3168323, at *1 (M.D. Pa. July 29, 2010) (unpublished); Price v. Hous. Auth. of New Orleans, No. CIV.A. 09-4257, 2010 WL 2836103, at *1 (E.D. La. July 16, 2010) (unpublished).

The record shows that Green attempted to serve defendants personally rather than through a nonparty. See [D.E. 5–6]. Thus, Green has not complied with Rule 4(c). Accordingly, Green has failed to prove that he satisfied Rule 4. See Dougherty, 2010 WL 3168323, at *4–5; Price, 2010 WL 2836103, at *1. Although proceeding pro se, Green must comply with the Federal Rules of Civil Procedure. See, e.g., Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149–52 (1984) (per curiam); Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013–14 (5th Cir. 1990) (per curiam). Although the court enjoys some discretion in enforcing Rule 4 when there is actual notice, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

Rule 4(m) permits the court to extend the time for service when a plaintiff shows good cause for the failure to properly serve. "[C]ourts generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process." Thomas v. Nelms, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (unpublished) (citing Miller v. Nw. Region Library Bd., 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004)); see Knotts v. Univ. of N.C. at Charlotte, No. 3:08–CV–478, 2011 WL 650493, at * 9 (W.D.N.C. Feb. 10, 2011) (unpublished). Because Green could cure the defects in service and defendants have actual notice of the suit, the court declines to dismiss for failure to serve without offering Green a chance to correct the defects in service.

Next, the court addresses defendants' argument that the complaint should be dismissed for

4

failure to state a claim. Mem. Supp. Mot. Dismiss [D.E. 12] 5–11. A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). To raise a Fourth Amendment malicious prosecution claim under section 1983, a plaintiff must demonstrate four elements: (1) that the defendant initiated or maintained a criminal proceeding against the plaintiff; (2) that the criminal proceeding terminated in the plaintiff's favor; (3) that the proceeding was not supported by probable cause; and, (4) that, because of the criminal

5

proceeding, the plaintiff suffered a deprivation of liberty akin to an unconstitutional seizure. See Brooks v. City of Winston-Salem, 85 F.3d 178, 183–84 (4th Cir. 1996); accord Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000).

Defendants contend that they are immune from suit. Mem. Supp. Mot. Dismiss 9–11. As for defendant Eagles, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967); see Rehberg v. Paulk, 132 S. Ct. 1497, 1503 (2012). As for defendant Willoughby, prosecutors are absolutely immune when carrying out the judicial phase of prosecutorial functions, including initiating a judicial proceeding or appearing in court. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976).

Opposing defendants' immunity from damages, Green asserts that defendants acted "in a reckless and disregard" for his constitutional rights and committed "malfeasance, misfeasance or nonfeasance" in prosecuting and convicting him. Resp. Opp'n Mot. Dismiss [D.E. 17] 3–4. Green's argument fails. See, e.g., Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Imbler, 424 U.S. at 415–16, 431; King v. Myers, 973 F.2d 354, 356–57 (4th Cir. 1992); Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996). Thus, the court dismisses Green's complaint.

Alternatively, Green fails to state a claim. To the extent Green asserts that any of the acts he complains of were discriminatory in nature, the equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239

6

F.3d 648, 654 (4th Cir. 2001). Green has not stated that he was treated differently from any person with whom he is similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Green has not made plausible allegations to support any equal protection claim. See, e.g., Coleman, 626 F.3d at 190–91. Thus, Green has failed to state a claim upon which relief may be granted, and this claim is dismissed.

Green's constitutional attack on the seatbelt law likewise fails. State v. Swain, 92 N.C. App. 240, 242–43, 374 S.E.2d 173, 174 (1988) (holding that North Carolina's seatbelt law "is . . . a proper exercise of the police power of the State by the General Assembly"); see United States v. Adams, 462 F. App'x 369, 374 (4th Cir.) (unpublished), cert. denied, 132 S. Ct. 2697 (2012); United States v. Beckham, 420 F. App'x 261, 263–64 (4th Cir. 2011) (per curiam) (unpublished); Cannady v. United States, 5:08-CR-258-D, 2012 WL 5207484, at *4 (E.D.N.C. Oct. 22, 2012) (unpublished) (rejecting an argument that North Carolina's seatbelt law "obligates the United States to charge a state-law seatbelt infraction in a federal criminal indictment"), appeal dismissed, 518 F. App'x 222 (4th Cir. 2013) (per curiam) (unpublished). Green's assertions that the officer effected the traffic stop for improper motives and that he was wearing his seatbelt in some type of proper, alternative manner do not alter this conclusion. See State v. Hamilton, 125 N.C. App. 396, 400, 481 S.E.2d 98, 100 (1997); Caldwell v. City of Newfield, CIV.A. 05-1913(RMB), 2007 WL 1038695, at *4 (D.N.J. Mar. 30, 2007) (unpublished); Hupp v. City of Walnut Creek, 389 F. Supp. 2d 1229, 1232 (N.D. Cal. 2005).

Additionally, a plaintiff cannot recover monetary damages for alleged constitutional violations when such recovery would imply the invalidity of an underlying conviction unless he can

7

"prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see Omar v. Chasanow, 318 F. App'x 188, 189 & n.* (4th Cir. 2009) (per curiam) (unpublished) (collecting cases); Koger v. Florida, 130 F. App'x 327, 333 (11th Cir. 2005). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Green alleges that he was improperly convicted. Because Green's conviction has not been overturned or otherwise invalidated, his efforts to recover damages fail.

Finally, in light of the dismissal of Green's federal claims, the court declines to exercise supplemental jurisdiction over any state-law claims he may have asserted, and dismisses those claims without prejudice. 28 U.S.C. § 1367(c)(3); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

II.

In sum, the court DENIES plaintiff's requests for entry of default [D.E. 13, 17], GRANTS defendants' motion to dismiss [D.E. 11], and DISMISSES plaintiff's section 1983 claims. The court DISMISSES any state-law claims asserted by plaintiff WITHOUT PREJUDICE. The clerk shall close the case.

SO ORDERED. This 25 day of November 2013.

                                                JAMES C. DEVER III
                                                Chief United States District Judge